UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**GOCLIPS LLC**, and **Z KEEPERS LLC**,
Florida limited liability companies,

       Plaintiffs,

v.

**ALONG TOOLS, INC,** a Texas corporation, and **RIZHAO ALONG ABRASIVE TOOLS CO., LTD** doing business as **ALONG TOOLS INC,** a company formed and domiciled in the People's Republic of China,

       Defendants.
_____/

Case No. 4:25-CV-00355

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, GOCLIPS LLC (GoClips) and Z KEEPERS LLC (Z Keepers), for their Complaint against Defendants ALONG TOOLS INC ("Along Tools Texas"), a Texas corporation and RIZHAO ALONG ABRASIVE TOOLS CO., LTD doing business as ALONG TOOLS ("Along Tools") (collectively referred to as "Defendants"), allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs manufacture, market, sell and distribute patented devices used in anchoring sinks to the underside of hard countertop surfaces better known as *GoClips*®. Patented *GoClips*® products include the following:

1



2.      Defendants have in the past and continue to unlawfully manufacture, export into the United States, market, sell, and/or distribute counterfeit devices within the United States that are substantially the same as Plaintiffs' patented *GoClips®* products. In addition, Defendants have infringed and diluted Plaintiff's trademark *GoClips®,* and have unlawfully used Plaintiffs' trade dress consisting in part of the product usage images and inherently distinctive shape and design of Plaintiff's *GoClips* sink anchors. In addition to damages, Plaintiffs seek to enjoin Defendants' further export and sale of the counterfeit devices from the People's Republic of China into the United States.

## THE PARTIES

3.      Plaintiff, Z Keepers, is Florida limited liability company. Z Keepers provides manufacturing services for sink-anchoring products for the granite countertop industry, including *GoClips®* products. Z Keepers and GoClips are collectively referred to herein as "Plaintiffs".

4.      Plaintiff, GoClips, is a Florida limited liability company. GoClips is a distributor for sink-anchoring products for the granite countertop industry manufactured through Plaintiff, Z Keepers.

5. Defendant Along Tools Texas is a company formed and existing under the laws of the State of Texas. Along Tools Texas imports into the United States, markets, sells, and/or distributes counterfeit sink anchoring clips throughout the United States that are identical in appearance, form and function to authentic GoClips® anchoring clamps used to undermount sinks to countertop surfaces.

6. Defendant Along Tools is a company formed in the People's Republic of China and having its base of operations in the Shandong province of the People's Republic of China, and is believed to be an affiliated company to Defendant Along Tools Texas, with common ownership and agents. Along Tools manufactures, exports to the United States, markets, sells, and/or distributes throughout the United States counterfeit sink anchoring clips that are identical in appearance, form and function to authentic GoClips® anchoring clamps used to undermount sinks to countertop surfaces.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) insofar as this is a civil action for patent infringement arising under the *Patent Act*, 35 U.S.C. §§ 271 *et seq.,* and for trademark infringement and false designation of origin under sections 32 and 43 of the *Lanham Act*, 15 U.S.C. §§ 1051 *et seq*.

8. This Court has personal jurisdiction over Defendants because Defendants engaged in substantial and not isolated activity within Texas consisting of the importing, marketing, sale and distribution of devices that infringe the patents at issue in this Complaint and by infringing Plaintiffs' registered trademark in Texas.

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1, 2) and 1400 insofar as (i) Defendants regularly conduct business in this District, (iii) a substantial part of the events giving rise to this action occurred in this District, and (iv) this case arises out of acts of infringement that Defendants committed within this District.

## FACTS COMMON TO THE CLAIMS PLED

### The '754 Patent

10. David Smith ("Smith") is a graduate of Georgia Institute of Technology and the inventor of *GoClips®* products. Smith spent decades in the home construction and remodeling industry, developing several products used by both professional installers and DYI project enthusiasts used in anchoring sinks to countertops. Smith filed the application for his invention, described as "Sink Clamp and Methods", on or about December 10, 2014.

11. On November 28, 2017, U.S. Patent No. 9,828,754 (the "'754 patent"), was issued by the United States Patent and Trademark Office ("USPTO") in the

4

name of David Smith, entitled "Sink Clamp and Methods." A true copy of the '754 patent is attached as **EXHIBIT A**.

12.  The '754 Patent describes and claims, among other things, a clamp and clamping method for undermounting a sink to a hard surface. All right title and interest in the '754 patent has been assigned to Z Keepers as recorded with the USPTO.

13.  Plaintiff, GoClips has been granted marketing, sale and distribution rights for the invention claimed in the '754 patent.

14.  Plaintiffs manufacture, market, sell and distribute *GoClips*® devices, which duly embody the claims of the '754 patent, including those depicted in paragraph 1 above.

15.  Plaintiffs have advertised, marketed, and otherwise promoted the *GoClips*® undermount sink anchors in print media, on the internet (see e.g. https://www.youtube.com/watch?v=lxJU5LH8MkQ

http://www.goclips.com/, and https://www.amazon.com/GoClips-5-Second-Anchors-Undermount-Sinks/dp/B00YT822FU/ref=sr_1_2?crid=NCCDZ3GVOLE2&keywords=goclips&qid=1692206302&sprefix=goclips%2Caps%2C119&sr=8-2,

as well as at tradeshows and through their distribution network. By virtue of Plaintiffs' promotion of the *GoClips*® products, they have become well known in

5

the industry as associated with Plaintiffs, earning Plaintiffs valuable and residual goodwill and reputation in the minds of industry participants for being the source for *GoClips®* devices.

16.     Plaintiffs have established unique marketing for *GoClips®* products which consists of a combination of images and video clips showing these *GoClips®* devices in use in different installation settings, employing the advertising slogan "5 second anchors", and certain distinctive advertising verbiage on their ease of use. Examples are:







17.     *GoClips®* devices are slot-based, sink anchors, which provide granite manufacturers and installers, home improvement companies, plumbers and do-it-yourself (DIY) consumers with a novel way to securely undermount sinks to granite and other hard countertop surfaces, quickly, easily and inexpensively, without interfering with under cabinet storage space. Because of their reliability, ease of use, strength, nominal profile, and low cost, *GoClips®* devices quickly gained a foothold among countertop manufacturers and installers, plumbers, sink installers, and DIY consumers as a secure, efficient and low-cost way to undermount sinks to countertop surfaces.

7

18. Prior to patent grant, GoClips' product packaging was marked "Patent Pending" to notify buyers of the pending patent application. Following the USPTO's issuance of the '754 patent, *GoClips'* product packaging was modified to reflect the patent number issued by the USPTO, and *GoClips*® have been so marked ever since.

19. Defendants are manufacturers, marketers and/or distributors of tooling and devices used in the fabrication and installation of granite and natural stone countertops. Defendants have established a manufacturing and/or distribution niche in the sink clip market space by copying the inventions of others, including Smith.

20. Defendants, acting in concert, have manufactured, marketed and exported into the United States, knockoff devices which Defendants call "Quick Clips", and which are substantially similar to the patented GoClips® products from Defendant Along Tools manufacturing facility in the mainland of the People's Republic of China. Defendants, acting in concert, then market, sell and distribute the knockoff devices within the United States.



21. Defendants' Product Catalogue at page 2, which is attached as **EXHIBIT B** depicts the knockoff devices as follows:



22. Upon information and belief, Defendants have exported into the United States and distributed these knockoff devices to buyers within the United States. The counterfeit sink anchoring clamps which Defendants manufacture, market, and exports into the United States and sells throughout the United States embody the claims of the '754 patent.

23. In size, shape, and appearance, these knockoff devices, which Defendants manufacture, export into the United States, sell and distribute under the name "Quick Clips" are the same in function and in substantially the same form to authentic *GoClips*® devices.

24. Defendants' misconduct described herein is knowing, willful and deliberate. Defendants have purposefully targeted GoClips' customers with Defendants' counterfeit sink anchors depicted above with a design to put Plaintiffs out of business.

25. Defendants have undercut Plaintiffs' marketing, sales and distribution efforts, sowing confusion in the United States by pumping counterfeit GoClips products into the United States stream of commerce.

26. Defendants have taken unfair advantage of the goodwill that Plaintiffs have established with *GoClips*® products in the United States, in order to trade upon the trust consumers and market participants possess in the strength, speed and efficacy of the *GoClips*® products.

27. Upon information and belief, Defendants continue to violate Plaintiffs' rights with respect to the '754 patent and continues to damage Plaintiffs by exporting into the United States, marketing, selling and distributing knockoff products under the tradename "Quick Clips", and upon information and belief, Defendants' infringing conduct will continue if not enjoined.

28. Plaintiffs have been irreparably harmed by Defendants' misconduct.

29. Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay said counsel a reasonable fee.

30. All requisite conditions to the filing of this action have occurred or been waived by Defendant.

### COUNT I – INFRINGEMENT OF THE '754 PATENT BY ALONG TOOLS TEXAS

31. Plaintiffs adopt by reference paragraphs 1 through 30 of this Complaint as though more fully set forth herein.

32. This is an action for patent infringement against Defendant Along Tools Texas pursuant to 35 U.S.C. §§ 271 *et seq.*

33. Defendant has willfully, deliberately, and intentionally infringed the '754 patent. Defendants' infringing conduct constitutes literal infringement of the '754 patent and/or infringement under the doctrine of equivalents.

34. On information and belief, Defendant intends to continue its infringing activities described herein.

35. Defendants' knockoff products are near identical copies of Plaintiffs' *GoClips®* devices, and Defendants' knockoff products have no alternate, non-infringing use.

36. Defendant has been placed on notice of the '754 patent and is on notice of Plaintiffs' *GoClips*® products, and yet continued to infringe the '754 patent.

37. Defendants' acts as described above have been without right, license, or permission from Plaintiffs.

38. Defendants' willful, deliberate, and intentional infringement of the '754 patent has caused the Plaintiff irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

39. Defendants' willful, deliberate, and intentional infringement of the '754 patent entitles the Plaintiffs to recover, among other things, their treble damages, reasonable attorneys' fees, and costs under 35 U.S.C. §§ 284 and 285.

40. Plaintiffs have no adequate remedy at law without the intervention of this Court and monetary damages alone are insufficient to compensate Plaintiffs. Accordingly, in addition to damages, Plaintiffs are entitled to preliminary and/or permanent injunctive relief.

## COUNT II – INFRINGEMENT OF THE '754 PATENT BY ALONG TOOLS

41. Plaintiffs adopt by reference paragraphs 1 through 30 of this Complaint as though more fully set forth herein.

42. This is an action for patent infringement against Defendant Along Tools pursuant to 35 U.S.C. §§ 271 *et seq.*

43. Defendant has willfully, deliberately, and intentionally infringed the '754 patent. Defendants' infringing conduct constitutes literal infringement of the '754 patent and/or infringement under the doctrine of equivalents.

44. On information and belief, Defendant intends to continue its infringing activities described herein.

45. Defendants' knockoff products are near identical copies of Plaintiffs' *GoClips®* devices, and Defendants' knockoff products have no alternate, non-infringing use.

46. Defendants have been placed on notice of the '754 patent and is on notice of Plaintiffs' *GoClips*® products, and yet continued to infringe the '754 patent.

47. Defendants' acts as described above have been without right, license, or permission from Plaintiffs.

48. Defendants' willful, deliberate, and intentional infringement of the '754 patent has caused the Plaintiff irreparable harm and damages, including lost sales, lost profits, lost sales opportunities, and loss of goodwill, in an amount to be determined at trial.

49. Defendants' willful, deliberate, and intentional infringement of the '754 patent entitles the Plaintiffs to recover, among other things, their treble damages, reasonable attorneys' fees, and costs under 35 U.S.C. §§ 284 and 285.

50. Plaintiffs have no adequate remedy at law without the intervention of this Court and monetary damages alone are insufficient to compensate Plaintiffs. Accordingly, in addition to damages, Plaintiffs are entitled to preliminary and/or permanent injunctive relief.

WHEREFORE, Plaintiffs respectfully request that this Court:

(i) Enter judgment in favor of Plaintiffs and against Defendants for the infringement of the '754 patent;

(ii) Enter judgment in favor of Plaintiffs and against Defendants for willfully infringing the '754 patent;

(iii)   Enter judgment in favor of Plaintiffs and against Defendants for damages for patent infringement under 35 U.S.C. § 284, pre and post judgment interest, and awarding Plaintiff recovery of their costs;

(iv)   Award Plaintiffs enhanced damages under 35 U.S.C. § 284 for Defendants' willful infringement of the '754 patent;

(v)   Award Plaintiffs recovery of their costs for bringing this lawsuit, including litigation expenses, and expert witness fees as the prevailing party;

(vi)   Enter an order declaring this case exceptional under 35 U.S.C. § 285 and a judgment in favor of Plaintiffs requiring Defendants to pay Plaintiffs reasonable attorneys' fees, litigation expenses, expert witness fees, and costs;

(vii)   Enter an order preliminarily enjoining and a judgment permanently enjoining Defendant, Defendants' officers, agents, employees, affiliates, subsidiaries, franchisees, distributors, customs brokers, importers, customers and all persons and entities acting in concert with the Defendant, or on behalf of the Defendants from making, exporting to the United States, importing into the United States, marketing, using, selling, offering for sale, or selling the counterfeit GoClips products and any other product that infringes any claim of the '754 patent;

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

**PIERSON FERDINAND, LLP**

*/s/ William J. Akins*
William Akins, Esq.
State Bar No. 24011972
william.akins@pieferd.com
2021 Guadalupe Street, Suite 260
Austin, Texas 78705
Telephone: (214) 924-9504

and

Charles G. Geitner, Esq.
(to be admitted pro hac)
Florida Bar No.: 85170
charles.geitner@pierferd.com
P.O. Box 1572
Ruskin, Florida 33575-1572
(813) 724-3140
(813) 724-3179 (facsimile)
*Attorneys for Plaintiffs GoClips LLC and Z Keepers, LLC*